# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:15-cr-127-J-34JBT

JOSEPH ANTHONY HARRIS  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the factors identified in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

☒ FACTORS CONSIDERED

Defendant Joseph Anthony Harris is a 55-year-old inmate incarcerated at Coleman Medium FCI, serving a 125-month term of imprisonment for possession of cocaine base with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. (Doc. 93, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on January 20, 2024. Harris seeks compassionate release because of his facility's allegedly inadequate response to the

---

[1] The Court assumes for purposes of this Order that Harris has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

Covid-19 pandemic. (Doc. 99, Emergency Motion for Compassionate Release; see also Doc. 101, Motion to Amend).² In a footnote, he also states that he "suffers from a compromised immune system pertaining to his obesity, upper respiratory [sic], high blood pressure, and Diabetes conditions." Emergency Motion for Compassionate Release at 2 n.1. The United States has responded in opposition. (Doc. 102, Response).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). "Given the permissive language [of § 3582(c)(1)(A)], a district court's decision whether to grant or deny a defendant's request for a sentence reduction is discretionary." United States v. Winner, No. 20–11692, 2020 WL 7137068, at *2 (11th Cir. Dec. 7, 2020). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Court assumes for the sake of discussion that Harris has established an extraordinary and compelling reason for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. According to the Centers for Disease

---

²     The Court **GRANTS** the Motion to Amend (Doc. 101) to the extent the Court considers the additional information contained therein.

Control (CDC), those who have type 2 diabetes are known to be at increased risk for severe illness from Covid-19.[3] BOP medical records reflect that Harris has type 2 diabetes, for which he is treated with metformin. (Doc. 102-1, Medical Records at 23-24, 28-29, 49). Although type 2 diabetes may not qualify as an extraordinary and compelling circumstance in normal times, the Court assumes that it qualifies as such a circumstance in light of Covid-19.[4]

Although type 2 diabetes is an underlying condition that increases Harris's risk of serious infection, he does not appear to be at imminent risk of severe illness. Harris is not elderly, and his condition is treated and monitored by medical professionals. Contrary to Harris's allegation that his facility is not responding adequately to Covid-19, the BOP has implemented comprehensive protocols for responding to coronavirus. See Response at 3-4, 12-13. Harris's facility has not fared significantly worse than other BOP facilities. According to the BOP's latest data, Coleman Medium FCI reports that 46 inmates and 38 staff members are currently positive for coronavirus; 283 inmates and eight staff members have recovered; and three inmates (out of 1,313 total) have passed away.[5] Thirteen facilities have reported more inmate deaths, four other facilities have reported the same number of

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[4] The record does not support Harris's assertion that he is obese or that he has a serious upper respiratory disease. Rather, the record indicates that he has chronic rhinitis, which is treated with fluticasone propionate spray. Medical Records at 23. The record supports Harris's assertion that he has high blood pressure, but it is treated with lisinopril. Id. at 24. According to the CDC, high blood pressure may increase the risk of severe illness from Covid-19, which is distinct from the conditions known to increase the risk of serious infection.

[5] https://www.bop.gov/coronavirus/. Last accessed January 12, 2021.

3

deaths, and 38 facilities report more current infections. Thus, Coleman Medium does not stand out as among the hardest-hit facilities.

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.[6] Harris has a lengthy criminal history, having accumulated 20 felony convictions prior to the instant case. Response at 1-2, 13-15. Harris's prior convictions include two convictions for aggravated battery (including one case in which he shot the victim twice in the torso) and one conviction for felony battery (in which he stabbed the victim with a knife). (Doc. 91, Presentence Investigation Report [PSR] at ¶¶ 4, 44, 52, 53, 63). In the instant case, he led police officers on a chase, and was found to have been in possession of cocaine base, oxycodone, and other drugs, as well as several firearms. (Doc. 79, Plea Agreement at 18-22; PSR at ¶¶ 18-30). The United States Sentencing Guidelines recommended a sentence of 262 to 327 months in prison, based on a total offense level of 34 and a Criminal History Category of VI. (Doc. 94, Statement of Reasons). Harris benefited from a significant downward variance when the Court sentenced him to a term of 125 months in prison. In view of all the § 3553(a) factors, however, further reducing Harris's sentence is not warranted at this time.

---

[6] The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The Court's decision does not depend on the resolution of that issue because the Court assumes that Harris has demonstrated an extraordinary and compelling reason.

Accordingly, Defendant Joseph Anthony Harris's Emergency Motion for Compassionate Release (Doc. 99), as amended (see Doc. 101), is **DENIED**.[7]

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of January, 2021.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant

---

[7] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).